Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000975
16-JAN-2015
10:35 AM

NO. CAAP-12-0000975

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DAMIAN-RAY E. GILCREASE, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-CR. NO. 12-1-102K)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Defendant-Appellant Damian-Ray E. Gilcrease (Gilcrease) appeals from the Judgment Guilty Conviction and Sentence, entered on October 12, 2012 in the Family Court of the Third Circuit (Family Court).[1]

Gilcrease was convicted of Abuse of Family or Household Member, in violation of Hawaii Revised Statutes (HRS) 709-906(1) (Supp. 2013) and Criminal Property Damage in the Fourth Degree, in violation of HRS § 708-823(1) (Supp. 2013).

On appeal, Gilcrease contends there was insufficient evidence to convict him of the charges because the State failed to adduce substantial evidence that Gilcrease acted with the requisite state of mind for each offense.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[1] The Honorable Melvin H. Fujino presided.

the arguments advanced and the issues raised by the parties, we resolve Gilcrease's points of error as follows and affirm:

There was sufficient evidence that Gilcrease acted with the requisite intent to commit Abuse of Family or Household Member and Criminal Property Damage in the Fourth Degree.

The Hawai'i Supreme Court has

held that evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or a jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact[.]

State v. Fields, 115 Hawai'i 503, 511-12, 168 P.3d 955, 963-64 (2007) (internal citations omitted).

HRS § 709-906(1) states:

§709-906 **Abuse of family or household members; penalty.** (1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member or to refuse compliance with the lawful order of a police officer under subsection (4). The police, in investigating any complaint of abuse of a family or household member, upon request, may transport the abused person to a hospital or safe shelter.

For the purposes of this section, "family or household member" means spouses or reciprocal beneficiaries, former spouses or reciprocal beneficiaries, persons in a dating relationship as defined under section 586-1, persons who have a child in common, parents, children, persons related by consanguinity, and persons jointly residing or formerly residing in the same dwelling unit.

Inflicting scratches on a neck and arms constitutes physical abuse within the meaning of HRS § 709-906. State v. Cordero, 106 Hawai'i 381, 386 n.5, 105 P.3d 258, 263 n.5 (App. 2004). "Except as provided in section 702-212, a person is not guilty of an offense unless the person acted intentionally, knowingly, recklessly, or negligently, as the law specifies, with respect to each element of the offense. When the state of mind required to establish an element of an offense is not specified by the law,

that element is established if, with respect thereto, a person acts intentionally, knowingly, or recklessly." HRS § 702-204 (1993). "[T]he mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." State v. Stocker, 90 Hawai'i 85, 92, 976 P.2d 399, 406 (1999) (citations and block formatting omitted).

The prosecution presented the testimony of the complaining witness who testified as follows: Gilcrease had a child with the complaining witness. On the evening in question, Gilcrease became upset with the complaining witness when she would not show him her phone. When the complaining witness attempted to hide the phone in a different place, Gilcrease saw this and attempted to, and eventually did, remove it from her hands during a struggle for the phone. In the process, Gilcrease scratched the hands of the complaining witness as depicted in State's Exhibits 1 and 2. From the acts, conduct, and inferences fairly drawn from all the circumstances, Gilcrease did intentionally, knowingly, or recklessly scratch the complaining witness in an attempt to forcibly remove her phone from her hands. Therefore, there was sufficient evidence that Gilcrease acted with the requisite intent to commit Abuse of Family or Household Member.

HRS § 708-823(1) states:

§708-823 Criminal property damage in the fourth degree. (1) A person commits the offense of criminal property damage in the fourth degree if by means other than fire, the person intentionally or knowingly damages the property of another without the other's consent.

The complaining witness testified that, after Gilcrease took the complaining witness's phone, he exited her vehicle and kicked the car door to close it, causing a dent. Gilcrease appeared to be walking away. However, Gilcrease ran back to the vehicle, yelled at the complaining witness, hit her in the face, and punched the vehicle's compact disc (CD) player which broke it. From the acts, conduct, and inferences fairly drawn from all the circumstances, the evidence supported the conclusion that

3

Gilcrease did intentionally or knowingly damage the complaining witness's car door and/or CD player. Therefore, there was sufficient evidence that Gilcrease acted with the requisite intent to commit Criminal Property Damage in the Fourth Degree.

Therefore,

IT IS HEREBY ORDERED that the Judgment Guilty Conviction and Sentence, entered on October 12, 2012 in the Family Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawai'i, January 16, 2015.

On the briefs:

Lianne M. Aoki,
Deputy Public Defender,
for Defendant-Appellant.

Terri L. Fujioka-Lilley,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4